IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| JADE MALKEMUS, | CASE NO. 3:24-cv-1581 |
| Plaintiff, | DISTRICT JUDGE JAMES G. CARR |
| vs. |  |
| COMMISSIONER OF SOCIAL SECURITY, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendant. | **REPORT AND RECOMMENDATION** |

In October 2024, Defendant Commissioner of Social Security filed a motion to dismiss, arguing that Plaintiff Jade Malkemus filed her complaint one day late. *See* Doc. 6. The Court ordered Malkemus to file a response within 21 days, and provided the Commissioner with ten days after that to file a reply. Doc. 7. Malkemus filed a response, Doc. 8, and the time for the Commissioner to reply has now passed, *see* Doc. 7. For the following reasons, I recommend that the Court GRANT the Commissioner's motion to dismiss.

**Legal Standards**

A court may rule under Rule 12(b)(6) on statute-of-limitations based motion to dismiss if it "can determine from the face of the complaint that the statute of limitations has run." *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016). And when ruling on a

motion to dismiss, the Court "must consider the complaint" and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Clark v. Jackson*, No. 22-5553, 2023 WL 2787325, at *2 (6th Cir. Apr. 5, 2023) ("A court may … consider 'other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice' on a motion to dismiss without converting it to one for summary judgment.").

By statute, a social security claimant may challenge a decision denying an application for benefits "within sixty days after the mailing to him of notice of such decision." *See* 42 U.S.C. § 405(g). The Commissioner has interpreted the term *mailing* to mean the date a claimant *receives* notice of the Appeals Council's decision. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(c)). Regulations further create a presumption that, unless the claimant makes a "reasonable showing to the contrary," the claimant received notice of the decision five days after the date on the notice. 20 C.F.R. §§ 404.901, 422.210(c)).

**Discussion**

As Malkemus admits, the Appeals Council issued its decision denying review of the administrative law judge's decision on July 9, 2024. Doc. 1, at 1; *see* Doc. 6-1, at 29. According to applicable regulations, Malkemus presumptively received the notice of this decision five days later, on July 14, 2024. 20 C.F.R. §§ 404.901, 422.210(c); *see also* Doc. 6, at 4. From there,

Malkemus had 60 days, until September 12, 2024, to file her complaint under the applicable statute of limitations. 42 U.S.C. § 405(g). But she didn't file it until the next day, September 13, 2024. *See* Doc. 1.

Based on this calculation, the Commissioner argues that the Court should dismiss the complaint. Doc. 6, at 4. The Commissioner has a point. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007); *Fleming v. Astrue*, No. 12-cv-11268, 2012 WL 6738473, *5–6 (E.D. Mich. Oct. 29, 2012), *report and recommendation adopted*, 2012 WL 6738475 (E.D. Mich. Dec. 31, 2012).

The statute of limitations in Section 405(g) "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *see Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Anderson v. Kijakazi*, No. 21-cv-0264, 2022 WL 17400770, at *1 (W.D. Ky. Feb. 4, 2022) ("Courts in the Sixth Circuit have strictly construed [the] statute of limitations" in 42 U.S.C. § 405(g)). Indeed, the Court in *Cook* affirmed a statute-of-limitations based dismissal where the complaint was filed one day late. 480 F.3d at 437. Here, Malkemus's complaint is untimely. It should therefore be dismissed.

In her response to the Commissioner's motion, Malkemus does not deny that her complaint was filed over 65 days from the date of the Appeals Council's notice. *See* Doc. 8, at 1–2 (agreeing that the presumed date of receipt was July 14, 2024, and that her complaint was not filed until September 13, 2024).

3

Instead, she argues that it was reasonable for her to think she had sixty-six days from the date of denial, because the fifth day of her five-day period for presumptive delivery was a Sunday. *Id.* But Malkemus cites nothing to support the idea that it would have been reasonable for her to think that she effectively had sixty-six days to file her complaint. Indeed, the fact that the presumptive date of receipt fell on Sunday does not affect the Court's analysis because that day was the *start* of the limitation period, not the end. Simply put, "[t]here is no viable argument that [Malkemus] w[as] unable to file [her] Complaint timely because the [presumptive receipt date] fell on a Sunday." *Cartwright v. Comm'r of Soc. Sec.*, No. 19-cv-10853, 2021 WL 4249430, at *4 (S.D.N.Y. Sept. 17, 2021); *see Fleming*, 2012 WL 6738473, at *2 (noting that "[c]ourts strictly construe the statute of limitations in Social Security appeals" and hold that "'[e]ven one day's delay in filing the action is fatal'") (citations omitted).

Malkemus alternatively argues that the statute of limitations should be equitably tolled. Doc. 8, at 3. But this argument fails.

The relevant inquires in this regard are whether (1) the 60-day statute of limitations can be equitably tolled or (2) Malkemus's failure to timely file can be considered excusable neglect. As to the first issue, in *Cook*, the Sixth Circuit, articulated five factors to consider in determining whether the 60-day statue of limitations should be equitably tolled:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the

> respondent; and (5) the petitioner's reasonableness
> in remaining ignorant of the legal requirement for
> filing his claim.

480 F.3d at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). Malkemus offers a particularly concise argument as to each factor, offering one-sentence, bullet point statements for each. *See* Doc. 8, at 4. The sentences related to each factor are conclusory, not supported by any affidavit, and devoid of any legal citation. So, the Court could consider her arguments forfeited. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (internal citations omitted); *see also Hunter v. Ferebauer*, 980 F. Supp. 2d 1251, 1259 (E.D. Wash. 2013) (holding that a "conclusory" statement "establishes nothing more than the fact that" the person making the assertion "had that belief"). But the Court considers each argument to the extent they can be considered as such.

The first factor—knowledge of the actual filing requirement—weighs against Malkemus because she asserts that she was aware of the 60-day requirement. Doc. 8, at 3. So her brief shows she had actual knowledge.

The second factor—lack of constructive knowledge of the filing requirement—also weighs against Malkemus because she admits that she had actual knowledge of the statute of limitations. Malkemus, however, says "that

the receipt date falling on a Sunday introduces ambiguity." *Id.* This argument only serves to confirm that she had knowledge of the statute of limitations.

The third factor—diligence in pursuing her rights—weighs against Malkemus. Although she asserts that she "acted promptly, filing the very next business day following the presumed date of receipt" *id.*, she is mistaken. Prompt actions would have been filing before the expiration of the known statute of limitations.

The fourth factor—prejudice to the Commissioner—has neutral weight. It is possible that, in isolation, one day may not negatively affect the Commissioner. The Commissioner did not reply to Malkemus's opposition, so the Court will not make an argument on its behalf. But, as noted, because the statute of limitations operates as a waiver of sovereign immunity, it must be construed strictly.

Finally, the fifth factor—reasonableness in remaining ignorant of the legal requirement for filing her claim—does not support tolling. Malkemus again admits that she knew the appropriate deadline and offers no support for her assertion that she "reasonably relied on the assumption that a presumptive receipt date falling on a non-delivery day would extend the filing deadline." Doc. 8, at 3. Rather, taking the risk that her complaint might be untimely is not reasonable.

Malkemus concludes her tolling argument by claiming that she "filed at the earliest reasonable date after the 60-day period when adjusting for a

Sunday delivery, demonstrating both diligence and good faith" Doc. 8, at 3. But nothing in her argument or the authorities cited support the idea that it was "reasonable" to delay filing simply because the presumptive date of receipt was a Sunday. It is further unclear how Malkemus could be said to have acted with "diligence" or in "good faith" when she was aware of the deadline but, apparently, intentionally filed one day after it elapsed.

Malkemus lastly asserts that her late filing was the result of excusable neglect. Doc. 8, at 4–5. Malkemus relies on *Pioneer Investment Service Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), in which the Court set out five factors to consider when evaluating a claim of "excusable neglect" under Bankruptcy rule 9006(b)(1) for failing to meet a deadline. Doc. 8, at 4. As the Court noted, "Rule 9006(b)(1) was patterned after Rule 6(b) of" the rules of civil procedure. *Pioneer*, 507 U.S. at 392. Bankruptcy Rule 9006 does not apply in this case. And Federal Rule of Civil Procedure 6(b) does not apply to time periods set out by a statute. *See U.S. ex rel. & for Use of Tennessee Val. Auth. v. Easement & Right-of-Way over Certain Land in Cumberland Cnty., Tenn.*, 386 F.2d 769, 771 (6th Cir. 1967) (holding that "Rule 6(b) was not available to the defendant" because the deadline at issue was set out in a statute, not a court order or rule); *see also* 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1165 (4th ed. June 2024 update) ("Courts have held that Rule 6(b) does not apply to time periods set out in statutes.").

The limitations period here arises out of statute. *See* 42 U.S.C. § 405(g).

Malkemus's excusable-neglect argument thus fails.[1]

**Recommendation**

For all of the reasons stated, I recommend that the Court grant the Commissioner's motion and dismiss Malkemus's complaint as untimely.

Dated: December 13, 2024

 */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).

---

[1] Even if the concept of excusable neglect applied, Malkemus's arguments, to the extent they can be considered as such, regarding excusable neglect are meritless. Further, her statements as to each factor are conclusory and thus largely forfeited. *McPherson*, 125 F.3d at 995.